IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

WINDOW DAN INVESTMENTS, LLC )
)
Plaintiff )
V. ) Civil Action No. 16-6089
)
COVINGTON SPECIALTY INSURANCE COMPANY )
)
Defendant )
)

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 02 2016
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

### Complaint

Comes now the Plaintiff, WINDOW DAN INVESTMENTS, LLC, by and through its attorneys, COLLINS, COLLINS & RAY, P.A., by Brian W. Ray, and for its Complaint and Demand for Jury Trial against COVINGTON SPECIALTY INSURANCE COMPANY it does hereby state and allege the following:

### Parties

1. Plaintiff, WINDOW DAN INVESTMENTS, LLC at all times relevant hereto was and remains a limited liability company under the laws of the State of Arkansas, with its principal place of business located at 509 Sunshine Road, Royal, Arkansas 71968.

2. Defendant COVINGTON SPECIALTY INSURANCE COMPANY is an insurance company incorporated under the laws of the state of New Hampshire, with its principal place of business located at 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1160. Defendant writes insurance and issues insurance policies in the State of Arkansas and has appointed an Agent for Service of Process designating: Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.

3. The sum in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorneys fees.

4. Jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(c)(1).

5. Venue is proper pursuant to 28 U.S.C. §1391 (b) (2) as the Western District of Arkansas, namely Hot Springs, Arkansas, is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

### Facts

6. For several years, and at all times relevant to this case, Plaintiff owned a parcel of land with a structure located thereon at 4538 Central Avenue, Hot Springs, Arkansas 71913 (the "Property").

7. For many years the building was used as a commercial restaurant.

8. The building was vacant during the times made relevant to this action.

9. In consideration of the payment of substantial premiums, Defendant issued to Plaintiff a Commercial General Liability Coverage commercial Insurance Policy, No. VBA 367693 00, effective date April 30, 2015. (Exhibit 1.). The stated limits of the policy are $750,000 for each occurrence.

10. Under the terms of Defendant's policy the Schedule of Locations/Buildings covers the Property as a vacant commercial property. (Exhibit 1).

11. The premium for the policy was $4500 annually. Plaintiff fully paid the premium to Defendant to assure coverage in case of damage or destruction to the Property the building and fixtures due to covered causes, including vandalism.

12. Defendant's policy obligates it to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss," (Form CP 0010 0607). (Exhibit 1).

13. The Schedule of Locations/Buildings expressly includes the identified Property as part of the "Covered Property". (Exhibit 1).

14. The Causes of Loss -Basic Form (CP 1010 0607) covers loss or damage due to:

> **Vandalism, meaning willful and malicious damage to, or destruction of, the described property.**

(Exhibit 1) (Cause of Loss - Basic Form, ¶8.).

15. On or about June 26, 2015 WINDOW DAN INVESTMENTS LLC timely discovered and reported that the insured premises was broken into and vandalized, resulting in extensive damages to the structure, fixtures, and equipment embedded in, affixed to, and part of the real property. The unidentified vandals engaged in willful and malicious damage and destruction to (among other things) the roof of the building, the interior ceiling and walls of the building, the electrical system, the refrigeration/freezer systems, and rooftop HVAC units. Copper wiring was removed from the structure and fixtures. (Exhibit 2).

16. Plaintiff promptly reported the vandalism and claimed loss to Defendant. This loss was first memorialized with a conforming submission of a document titled "Property Loss Notice" reported to insurance agent on July 08, 2015. (Exhibit 3). Additionally, on January 21, 2016, Plaintiff executed and submitted a timely claim and a Sworn Proof of Loss Statement, along with itemized quotes and estimates of damages to

the building's various systems, structures, fixtures, and equipment. (Exhibit 4.) The total loss and damage, minus the deductible, was approximately $116,230.28. (Exhibit 5).

17. Defendant denied coverage except for an offering to pay the amount of $1778.39. (Exhibit 6).

18. As of May 20, 2016 Defendant continues to deny coverage for the balance of the loss while acknowledging that the true "scope of loss" did include "damages from vandalism". (Exhibit 7). However, rather than meet its duty under the policy to determine the damages arising from vandalism, Defendant merely states that "vandalism" is covered. (Exhibit 7). Defendant never attempted to assign a value to the losses occurring due to vandalism, choosing instead to focus exclusively on the limited obligation to adjust coverage for "damage caused by the breaking in or exiting of burglars". (Exhibit 6).

## Breach of an Insurance Contract

19. At all times pertinent to this Complaint, Plaintiff was an insured under Policy No. VBA367693. A copy of the policy under which insurance was to be provided to Plaintiff is attached as Exhibit "1" and incorporated herein word for word. This policy was in full force at the time of the loss and provides for vandalism coverage up to the stated limit. Plaintiff has suffered, and timely reported, vandalism losses incurred under the term of the policy and is thus entitled to receive actual policy payments for its covered losses as that term is applied under the foregoing policy.

20. Accordingly, Defendant had a duty to timely and fully pay benefits to Plaintiff for vandalism losses in an amount consistent with the Plaintiff's actual losses resulting from vandalism. Defendants have failed and refused to pay the Plaintiff for

vandalism damages in breach of its duty to provide property damages coverage under the express terms of the policy as required under Arkansas law.

21. Plaintiff's damages, and the repair of the damage falls within the scope of "vandalism coverage". Plaintiff is seeking the restoration of cost it suffered to repair/replace the vandalism damages done to the identified property. Defendant has wrongfully sought to dispute coverage for vandalism and refused to provide payments owing under the policy. To the extent that Defendant attempts to engage in an effort to disclaim its obligations it wrote into its policy, it fails to take notice that any doubt, ambiguity, or uncertainty about coverage must be resolved in favor of the insured.

22. Plaintiff has fulfilled all preconditions for asserting a claim under the policy, but Defendant has breached its obligations under the insurance policy. Despite the provisions of the insurance policy, Defendant has essentially denied coverage by making an offer that represents a small fraction of the actual vandalism damage covered by the policy.

## Damages

23. Plaintiff should be awarded damages against Defendant for their covered vandalism damages as provided for under the insurance policy for covered damages, together with 12% penalty, pre suit interest, post judgment interest, and attorney fees as set forth in Ark Code Ann. §23-79-28.

## REQUEST FOR JURY TRIAL

24. Plaintiff request that all legal and factual issues be tried to a jury.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant and in favor of Plaintiff in the full amount of losses and damages incurred as a result of the breach of the insurance policy. Plaintiff also prays for costs, penalty, interest, and attorney fees pursuant to Ark. Code Ann. §23-79-28; and all other just and proper relief to which it may be entitled.

        Respectfully Submitted
        WINDOW DAN INVESTMENTS, LLC, Plaintiff

By: _____
        Brian W. Ray  ABN 2000084
        COLLINS, COLLINS & RAY P.A.
        912 West 4th Street
        Little Rock, Arkansas 72201
        Telephone:  (501) 603-9911
        Facsimile:  (501) 603-9919
        brian@ccrlawfirm.com
        **ATTORNEYS FOR PLAINTIFF**